CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED for Hbg
FEB 08 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:09CR00036-01 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MALCOLM CARL YOUNG, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

On December 3, 2009, the defendant, Malcolm Carl Young, pled guilty, pursuant to a written plea agreement, to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). As permitted by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulated that the defendant would receive a term of imprisonment of "no less than 200 months and no more than 220 months." (Docket No. 18 at 2.) On March 23, 2010, the court accepted the plea agreement and sentenced the defendant to a term of imprisonment of 210 months. The defendant has now moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for

a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2). To be eligible for a reduction under § 3582(c)(2), the amendment must have the effect of lowering the applicable guideline range on which the defendant's sentence was based. See 18 U.S.C. § 3582(c)(2) (authorizing a district court to reduce a previously imposed term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission") (emphasis added).

In the instant case, the defendant was sentenced in accordance with the Rule 11(c)(1)(C) agreement that he reached with the government. When a term of imprisonment is imposed pursuant to a Rule 11(c)(1)(C) agreement, the term is based on the agreement itself, rather than the Sentencing Guidelines, and, therefore, relief under § 3582(c)(2) is usually not available. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011) (citing Freeman v. United States, 131 S. Ct. 2685, 2697 (2011) (Sotomayor, J., concurring)). The only exception is "where the plea agreement itself expressly refers to and relies upon a Guidelines sentencing range." Id. Specifically:

> [I]f a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is "based on" the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2).

Freeman, 131 S. Ct. at 2695 (Sotomayor, J., concurring); Brown, 653 F.3d at 340 (concluding that Justice Sotomayor's rationale in Freeman is controlling).

Having reviewed the defendant's Rule 11(c)(1)(C) agreement, the court concludes that he is not eligible for relief under § 3582(c)(2). The agreement does not expressly use a Guidelines sentencing range to establish the defendant's term of imprisonment. Instead, it simply states that

2

the parties agreed that the defendant "will be incarcerated for a period of no less than 200 months and no more than 220 months." Therefore, the defendant's plea agreement does not satisfy the limited exception set forth above. See Brown, 653 F.3d at 340 (holding that the defendant's plea agreement did not satisfy the exception recognized in Justice Sotomayor's concurrence, where it merely stated that "'the appropriate sentence in this case is incarceration for not less than 180 months and not more than 240 months'"). Accordingly, "the plea agreement itself 'is the foundation for the term of imprisonment' imposed" in the defendant's case, and the court lacks the authority to grant his motion for a reduced sentence. Id. (quoting Freeman, 131 S. Ct. at 2690 (Sotomayor, J., concurring)). For these reasons, the defendant's motion must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 8th day of February, 2013.

_____
Chief United States District Judge