CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
10/11/2018
JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 5:09CR00036-01 |
| v. | **MEMORANDUM OPINION** |
| MALCOLM CARL YOUNG, | By: Hon. Glen E. Conrad |
| Defendant. | Senior United States District Judge |

Defendant Malcolm Carl Young has moved for a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Young's motion must be denied.

### Background

On October 1, 2009, a grand jury in the Western District of Virginia returned a three-count indictment against Young. Count One charged Young with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The government subsequently filed a notice of enhanced punishment, pursuant to 21 U.S.C. § 851. As a result of the prior felony drug convictions listed in the notice, the maximum term of imprisonment for the offense charged in Count One was 30 years. See 21 U.S.C. § 841(b)(1)(C).

On December 3, 2009, Young entered a plea of guilty to Count One of the indictment, pursuant to a written plea agreement. As permitted by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulated that Young would receive a term of imprisonment of "no less than 200 months and no more than 220 months." Plea Ag. 2, Dkt. No. 18.

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR"). In the PSR, the probation officer attributed 14.23 grams of cocaine base to Young, based on the quantity of drugs found in his possession during a search incident to his arrest. This

particular drug quantity and type resulted in a base offense level of 24 under U.S.S.G. § 2D1.1(c)(8) (2009). With a three-level reduction for acceptance of responsibility and a criminal history category of VI, Young's "drug weight guideline range" would have been 77 to 96 months of imprisonment. Def.'s Mot. to Reduce Sentence 2, Dkt. No. 59. However, Young was also found to be a career offender under U.S.S.G. § 4B1.1, because of three prior felony convictions for controlled substance offenses. As a result of the career offender designation, the base offense level calculated under § 2D1.1 was superseded by the higher offense level determined by the career offender provision. See U.S.S.G. § 4B1.1(b) (providing that "the offense level from the table in this subsection shall apply" if it "is greater than the offense level otherwise applicable"). Application of the career offender provision ultimately resulted in a total offense level of 31 and an advisory guideline range of imprisonment of 188 to 235 months.

Young appeared for sentencing on March 23, 2010. At that time, the court adopted the PSR in its entirety, including the determination that Young qualified for sentencing under the career offender provision of the Guidelines. The court also accepted the plea agreement. The court ultimately imposed a term of imprisonment of 210 months, which was within the range agreed to under Rule 11(c)(1)(C) and the advisory guideline range.

In January of 2013, Young filed a pro se motion for reduction in sentence under 18 U.S.C. § 3582(c)(2). That statute authorizes the court to reduce a defendant's term of imprisonment if the term was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Young relied on Amendment 750 to the Sentencing Guidelines, which revised the crack cocaine quantity tables in § 2D1.1 to conform

to the Fair Sentencing Act of 2010. The court denied the motion, concluding that Young was not eligible for a sentence reduction under § 3582(c)(2).

Because Young was sentenced under a Rule 11(c)(1)(C) agreement, the court looked to Justice Sotomayor's concurring opinion in Freeman v. United States, 564 U.S. 522 (2011) to determine whether Young was eligible for relief under § 3582(c)(2). See United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011) ("Under the fragmented opinion, Justice Sotomayor's rationale becomes the Court's holding."), abrogated by Hughes v. United States, ___ U.S. ___, 138 S. Ct. 1765 (2018). "Justice Sotomayor agreed with the dissent that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is based on the agreement and, therefore, § 3582(c)(2) relief is usually not available." Brown, 653 F.3d at 359. "However, Justice Sotomayor established an exception to this general rule – where the plea agreement itself expressly refers to and relies upon a Guidelines sentencing range." Id.; see Freeman, 564 U.S. at 534 (Sotomayor, J., concurring) ("[I]f a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)."). Because Young's plea agreement did not expressly reference the Guidelines in establishing the agreed-upon range of imprisonment, the court concluded that Young was not eligible for relief under § 3582(c)(2). The court's decision was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. See United States v. Young, 521 F. App'x 309 (4th Cir. 2013) (affirming for the reasons stated by the district court).

Young, through counsel, now moves for a reduction pursuant to § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels assigned to

3

most drug quantities in § 2D1.1 by two levels. The government opposes the defendant's motion. The motion is now ripe for review.

## Discussion

Young asserts two primary arguments to support his motion for reduction in sentence. First, relying on the Supreme Court's recent decision in Hughes, Young argues that the 210-month sentence imposed by the court was "based on" his guideline range of imprisonment. Def.'s Mot. to Reduce Sentence 3. Second, Young argues that even though his guideline range was ultimately derived from the career offender provision, the "drug weight guideline range" was nonetheless part of the framework that the court considered in imposing his sentence. Id. For the following reasons, the court concludes that although Young's calculated guideline range of 188 to 235 months was a basis for the sentence imposed by the court, he is not eligible for relief under § 3582(c)(2) since that range has not been lowered by the Sentencing Commission.

Young's motion is based entirely on the Supreme Court's recent decision in Hughes. In that case, the Court "resolve[d] the uncertainty that resulted from [its] divided decision in Freeman," and held that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement "is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes, 138 S. Ct. at 1775. In reaching its decision, the Supreme Court emphasized that "[t]he Sentencing Reform Act requires a district court to calculate and consider a defendant's Guidelines range in every case," Id. (citing 18 U.S.C. § 3553(a)), and that "[t]he Sentencing Guidelines prohibit district courts from accepting [Rule 11(c)(1)(C)] agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range," Id. at 1776 (citing U.S.S.G. § 6B1.2(c)). Consequently, "in the usual case the court's acceptance of a Type-C agreement and the sentence to

4

be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." Id. In the case before it, the district court "calculated Hughes' sentencing range and imposed a sentence that the court deemed 'compatible' with the Guidelines." Id. at 1778. "Thus, the sentencing range was a basis for the sentence" that the district court imposed. Id. Because "[t]hat range ha[d] 'subsequently been lowered by the Sentencing Commission'" through Amendment 782, the Supreme Court concluded that Hughes was eligible for relief under § 3582(c)(2).[1]

Consistent with the Supreme Court's reasoning in Hughes, the court concludes that Young's sentencing range under the advisory Guidelines was a basis for the term of imprisonment imposed in his case. In the statement of reasons accompanying the judgment, the court determined that Young was subject to a guideline range of imprisonment of 188 to 235 months, and the court expressly noted that Young's 210-month sentence was "within [the] advisory guideline range." Statement of Reasons 1-2, Dkt. No. 31. Thus, Young's guideline range was part of the framework that the court considered in determining an appropriate sentence, and his sentence was therefore "based on" that range. Hughes, 138 S. Ct. at 1775. The mere fact that the parties agreed to a particular sentencing range under Rule 11(c)(1)(C) without referencing the Guidelines does not preclude Young from seeking relief under § 3582(c)(2). Id. at 1774–78.

Unfortunately for Young, however, that does not end the matter. As indicated above, § 3582(c)(2) authorizes the court to reduce a defendant's sentence only if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). For the

---

[1] Records from the underlying case confirm that Hughes' sentencing range was based on the quantity of crystal methamphetamine attributed to him under U.S.S.G. § 2D1.1. See United States v. Hughes, 4:13-CR-00043 (N.D. Ga. Oct. 14, 2015) (post-amendment Guidelines calculation based on 257.2 grams of "ice"). Amendment 782 resulted in a two-level reduction to Hughes' total offense level, which in turn produced a lower guideline range. Id.

5

following reasons, the court concludes that neither statutory requirement is satisfied in the instant case.

First, unlike Hughes, the sentencing range calculated under the Guidelines in the instant case has not been subsequently lowered by the Sentencing Commission. As noted above, Young was designated as a career offender under U.S.S.G. § 4B1.1. Because of that designation, Young's offense level and resulting sentencing range were derived from the career offender table in § 4B1.1, rather than the drug quantity table in § 2D1.1. Amendment 782, on which Young now relies, "did not lower the offense levels applicable to career offenders" in § 4B1.1. United States v. Akers, 892 F.3d 432, 434 (D.C. Cir. 2018). Instead, "it impacted only offense levels calculated under the drug trafficking guideline, U.S.S.G. § 2D1.1." Id.; see also United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014) ("Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1."). As a result of Young's career offender designation, § 2D1.1 ultimately "played no role in determining [his] sentencing range." Akers, 892 F.3d at 434. Consequently, Young is not eligible for a reduction under § 3582(c)(2), since the "sentencing range" on which his term of imprisonment was based was not "subsequently ... lowered" by Amendment 782.[2] 18 U.S.C. § 3582(c)(2); see also United States v. Dean, 699 F. App'x 173 (4th Cir. 2017) ("[W]e conclude that Dean is not entitled to relief because he was sentenced as a career offender, and the career offender Guideline was not impacted by Amendment 782."); United States v. Sanders, 633 F. App'x 129, 130 (4th Cir. 2016) ("At sentencing, the

---

[2] The court recognizes that Amendment 782 lowered Young's base offense level under § 2D1.1 by two levels. However, as indicated above, the career offender provision specifically instructs the court to apply the offense level from its table when such offense level is greater than the otherwise applicable level. U.S.S.G. § 4B1.1(b). Because Young's career offender offense level was greater than the level calculated under § 2D1.1, the court was required to apply the career offender offense level in calculating his advisory guideline range. Consequently, the amendments to § 2D1.1 did not lower Young's total offense level, much less his sentencing range. And it is the sentencing range that must be considered under § 3582(c)(2). By its terms, § 3582(c)(2) only applies when the defendant's sentence was based on a subsequently-lowered "sentencing range." 18 U.S.C. § 3582(c)(2).

6

district court adopted the presentence report and found that Sanders was a career offender. Applying Amendment 782, her advisory Guidelines range based on her career offender status has not changed. Because the Sentencing Commission has not lowered the range, a reduction under 18 U.S.C. § 3582(c)(2) is not authorized.").

Second, even if the court were to accept the argument that Young's "drug weight guideline range was . . . part of the framework that the [court] relied upon in imposing his sentence," Def.'s Mot. to Reduce Sentence 3,[3] Young is unable to satisfy the second requirement under § 3582(c)(2), since a sentence reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" are those found in U.S.S.G. § 1B1.10. Dillon v. United States, 560 U.S. 817, 826 (2010). "A reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if 'an amendment listed in [U.S.S.G. § 1B1.10(d)] does not have the effect of lowering the defendant's applicable guideline range.'"[4] United States v. Nickens, 668 F. App'x 20, 21 (4th Cir. 2016) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). "To determine whether a particular amendment has that effect, the sentencing court must 'substitute only the amendments' rendered retroactive by the Commission and 'leave all other guideline application decisions unaffected.'" United States v. Williams, 808 F.3d 253, 257 (4th Cir. 2015) (quoting U.S.S.G.

---

[3] To support this argument, Young alleges that "his drug weight guideline range . . . was calculated [by] the probation office as part of the presentence report" and that it was "adopted by the Court." However, a review of the PSR reveals that this assertion is not entirely accurate. Although Young was initially assigned a base offense level of 24 under § 2D1.1 of the Guidelines, the probation officer did not calculate the defendant's "drug weight guideline range." Instead, the only guideline range referenced in the PSR is the range resulting from Young's higher offense level as a career offender. See PSR 12, Dkt. No. 32 ("Based on a total offense level of 31 and a criminal history category of VI, the advisory guideline range of imprisonment is 188 to 235 months."). The court expressly adopted that Guidelines calculation at the time of sentencing. See Statement of Reasons 1.

[4] The applicable guideline range is the "'range that corresponds to the offense level and criminal history category determined pursuant to [U.S.S.G.] § 1B1.1(a) . . . .'" United States v. Muldrow, 844 F.3d 434, 439 (4th Cir. 2016) (quoting U.S.S.G. § 1B1.10 app. n.1(A)). Section 1B1.1(a) requires the court to determine whether a defendant is subject to any adjustments under the career offender guidelines before the court calculates the defendant's guideline range. See U.S.S.G. § 1B1.1(a).

§ 1B1.10(b)(1)). If "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline . . . provision," a reduction in the defendant's term of imprisonment "is not consistent with [the applicable] policy statement" and "is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10 app. n. 1(A).

In this case, Young concedes that his guideline range remains the same after application of Amendment 782, since he is still subject to the career offender designation. See Def.'s Mot. to Reduce Sentence 5 (acknowledging that the "career offender enhancement determined at the time of his sentencing would still apply" and that "his amended guideline range is the same as his guideline range [at] sentencing"). It necessarily follows that a sentence reduction would not be consistent with the relevant policy statements, since Amendment 782 "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); see also Akers, 892 F.3d at 434 ("Because Amendment 782 does not lower the career-offender range, a sentence reduction would be inconsistent with the above policy statement."); United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender . . . , Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction.").

The court has also considered Young's secondary arguments and concludes that they are without merit. Although Young references the rule of lenity in support of his motion, he fails to identify any ambiguity in the statute or the Guidelines, much less a grievous ambiguity. See Hernandez v. Holder, 783 F.3d 189, 196 (4th Cir. 2015) ("[B]ecause the rule of lenity is a last resort, not a primary tool of construction, it applies only where there is a grievous ambiguity or uncertainty in the statute.") (citations and internal quotation marks omitted); see also Reno v.

8

Koray, 515 U.S. 50, 64–65 (1995) ("The rule of lenity applies only if, after seizing everything from which aid can be derived, we can make no more than a guess as to [the drafters' intent].").

Likewise, while Young faults the government for citing pre-Hughes decisions in its brief in opposition, Young notably fails to cite to a single post-Hughes decision in which a defendants' guideline range was based on his designation as a career offender. The court's own research has revealed several decisions, decided after Hughes, in which defendants who entered into Rule 11(c)(1)(C) agreements with the government were found to be ineligible for sentence reductions under § 3582(c)(2) for the reasons discussed above. See Akers, 892 F.3d at 434 (holding that the defendant "was ineligible for a sentence reduction under Section 3582(c)(2), because Amendment 782 did not lower the sentencing range in the career-offender provision of the Sentencing Guidelines"); United States v. Wallace, No. 18-4010, 2018 U.S. App. LEXIS 18815, at *7 (10th Cir. July 11, 2018) (explaining that the defendant "remains ineligible for a sentence reduction under § 3582(c)(2) because Amendment 782 had no effect on the career offender guideline and therefore did not lower the resulting guideline range"); United States v. Evans, No. 2:13-cv00173, 2018 U.S. Dist. LEXIS 136728, at *5–7 (W.D. Pa. Aug. 14, 2018) (holding that the court's imposition of the Rule 11(c)(1)(C) agreed-upon sentence was based on the defendant's guideline range in light of Hughes, but that the defendant was "not . . . eligible for a sentence reduction because his ultimate guideline range was 'based on' his career offender status, not his drug quantity"); United States v. Carr, No. 8:09-cr-00435, 2018 U.S. Dist. LEXIS 110907, at *2 (D. Neb. July 3, 2018) (explaining in denying a motion for reduction of sentence that "[w]hile it is true that the Guidelines were taken into consideration in Carr's 11(c)(1)(C) plea agreement, and at sentencing, it remains true that Amendment 782 did nothing to alter Carr's sentencing guideline [range], because he was and remains a career offender").

9

## Conclusion

For all of these reasons, the court concludes that Young is not eligible for a sentence reduction under § 3582(c)(2). Although the reasoning in <u>Hughes</u> compels the conclusion that Young's guideline range was a basis for the sentence imposed by the court, the applicable range was not affected by Amendment 782. 18 U.S.C. § 3582(c)(2). Unless and until the Sentencing Commission issues an amendment that has the effect of lowering Young's guideline range as a career offender, the court will not have the authority to reduce Young's sentence under § 3582(c)(2). Accordingly, Young's motion must be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 11th day of October, 2018.

_____
Senior United States District Judge