CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 19 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Slaagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 5:09CR00036-01 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| MALCOLM CARL YOUNG, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Defendant Malcolm Carl Young, through counsel, has moved for a reduction of his sentence pursuant to the First Step Act of 2018. For the following reasons, the motion will be dismissed without prejudice for lack of jurisdiction.

## Background

On October 1, 2009, a grand jury in the Western District of Virginia returned a three-count indictment against Young. On December 3, 2009, Young entered a plea of guilty to Count One of the indictment, which charged him with distributing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). As permitted by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that Young would receive a term of imprisonment of "no less than 200 months and no more than 220 months." Plea Ag. 2, Dkt. No. 18.

Young appeared for sentencing on March 23, 2010. At that time, he was found to qualify as a career offender under § 4B1.1 of the United States Sentencing Guidelines. The court ultimately sentenced Young to a term of imprisonment of 210 months, which was within the range the parties agreed to under Rule 11(c)(1)(C) and the advisory Guidelines range.

Young now moves for a sentence reduction based on Section 404 of the First Step Act. The motion has been fully briefed and is ripe for disposition.

## Discussion

Section 404 of the First Step Act permits courts to retroactively apply the statutory penalties modified by the Fair Sentencing Act of 2010. See Pub. L. No. 115-391, § 404; 132 Stat. 5194, 5222 (2018); see also 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute"). In particular, Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404; 132 Stat. at 5222. The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Id.

Section 2 of the Fair Sentencing Act, on which Young relies, "reduced the penalties for specific cocaine-related offenses punishable under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) by increasing the amount of cocaine base required to trigger certain statutory penalties."* United States v. Venable, 943 F.3d 187, 188 (4th Cir. 2019). More specifically, Section 2 "increased the quantities applicable to cocaine base to 280 grams for the ten-year mandatory minimum [under § 841(b)(1)(A)(iii)] and to 28 grams for the five-year mandatory minimum [under § 841(b)(1)(B)(iii)]." United States v. Wirsing, 943 F.3d 175, 178 (4th Cir. 2019). Consequently, "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C § 841(b)(1)(A)(iii) or (B)(iii) . . . is serving 'a sentence for a covered offense' and may seek a

---

* Section 3 of the Fair Sentencing Act "eliminated the mandatory minimum sentence for 'simple possession' of cocaine base." United States v. Wirsing, 943 F.3d 175, 178 (4th Cir. 2019) (citing Fair Sentencing Act § 3, 124 Stat. at 2372 (codified at § 844(a)).

2

sentence reduction under the First Step Act." Id. (quoting First Step Act § 404(b), 132 Stat. at 5222).

In this case, Young is not serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii) or (B)(iii). Instead, Young is serving a sentence imposed for distributing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C). The statutory penalties set forth in § 841(b)(1)(C) were not modified by the Fair Sentencing Act. United States v. Duggan, 771 F. App'x 261, 261 (4th Cir. 2019) (per curiam). Consequently, Young is not serving a sentence for a "covered offense," and the court lacks jurisdiction to reduce his sentence under the First Step Act. Id.; see also United States v. Brown, No. 19-6544, 2019 U.S. App. LEXIS 35205, at *2 (4th Cir. Nov. 25, 2019) ("Because the Fair Sentencing Act did not modify the statutory penalties [under 21 U.S.C. § 841(b)(1)(C)], Brown's offense is not a covered offense and the district court correctly denied Brown's motion to reduce his sentence pursuant to § 404 of the First Step Act.").

For these reasons, Young's motion for a reduced sentence under the First Step Act will be dismissed without prejudice for lack of jurisdiction. See Duggan, 771 F. App'x at 261 (modifying the district court's order to reflect a dismissal without prejudice for lack of jurisdiction).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 18th day of December, 2019.

_____
Senior United States District Judge

3