IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:09CR00036 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| MALCOLM CARL YOUNG, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Defendant Malcolm Carl Young, through counsel, has filed a motion for reduction of sentence pursuant to Section 404 of the First Step Act of 2018, as well as a motion for compassionate release. The motions have been fully briefed and are ripe for review. For the following reasons, Young will be granted a partial sentence reduction under Section 404 of the First Step Act. However, his motion for compassionate release will be denied without prejudice.

## Background

On October 1, 2009, a grand jury in the Western District of Virginia returned a three-count indictment against Young. Count One charged Young with distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count Two charged him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count Three charged Young with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

On October 19, 2009, the government filed a notice advising Young that it intended to rely on certain prior drug convictions to seek enhanced statutory penalties, pursuant to 21 U.S.C. § 851. As a result of the prior convictions, Young faced a maximum term of imprisonment of 30 years for the offenses charged in Counts One and Two of the indictment and a mandatory

minimum term of 10 years for the offense charged in Count Three. See 21 U.S.C. §§ 841(b)(1)(B) and 841(b)(1)(C) (2006).

On December 3, 2009, Young entered a plea of guilty to Count One of the indictment, pursuant to a written plea agreement. As permitted by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulated that Young would receive a term of imprisonment of "no less than 200 months and no more than 220 months." Plea Ag. 2, ECF No. 18. The government agreed to dismiss the remaining counts of the indictment if Young complied with his obligations under the plea agreement.

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR"). The probation officer determined that Young was responsible for 14.23 grams of crack cocaine, based on the amount found on Young's person and in his hotel room following his arrest. That particular drug quantity and type resulted in a base offense level of 24 under the then-existing version of § 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G."). With a three-level reduction for acceptance of responsibility and a criminal history category of VI, Young's guideline range would have been 77 to 96 months of imprisonment. However, Young was also found to be a career offender under U.S.S.G. § 4B1.1, because of three prior felony convictions for controlled substance offenses,[1] in addition to prior convictions for attempted murder.[2] As a result of the career-offender designation, the base offense level calculated under § 2D1.1 was superseded by the higher offense level determined by the career-offender provision.

---

[1] In 1995, Young was convicted of distribution of cocaine in Prince George's County Maryland. PSR ¶ 23, ECF No. 75. In 1996, he was convicted of attempted possession with intent to distribute cocaine in the District of Columbia. Id. ¶ 24. In 2003, Young was convicted of possession with intent to distribute cocaine and possession of a firearm in Howard County, Maryland. Id. ¶ 27. With respect to the latter convictions, the record reflects that Young was found in possession of a semi-automatic handgun and 28 small bags of crack cocaine. Id.

[2] According to the PSR, Young stabbed two individuals during a brawl in 1997, which left both victims in critical condition. PSR ¶ 25.

See U.S.S.G. § 4B1.1(b) (providing that "the offense level from the table in this subsection shall apply" if it "is greater than the offense level otherwise applicable"). Application of the career-offender provision resulted in a total offense level of 31 and an advisory guideline range of imprisonment of 188 to 235 months.

Young appeared for sentencing on March 23, 2010. At that time, the court adopted the PSR in its entirety, including the determination that Young qualified for sentencing under the career-offender provision of the Guidelines. Consistent with the parties' agreement under Rule 11(c)(1)(C), the court imposed a term of imprisonment of 210 months, to be followed by a 6-year period of supervised release.

Young has been in federal custody since October 7, 2009. His projected release date, with credit for good conduct, is June 26, 2024. He is presently incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington").

Young, through counsel, has moved to reduce his sentence to time served under Section 404 of the First Step Act. He has also filed a motion for compassionate release. The government has opposed both motions. The motions are now ripe for review.

**Discussion**

**I.     Sentence Reduction under Section 404**

Section 404 of the First Step Act "makes retroactive the provisions of the Fair Sentencing Act of 2010 that reformed crack cocaine sentencing." United States v. Woodson, 962 F.3d 812, 813 (4th Cir. 2020). Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115- 391, § 404(b), 132 Stat. 5194, 5222 (citation omitted). A "covered offense" is

defined as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. § 404(a), 132 Stat. at 5222 (citation omitted). "Thus, a defendant convicted before the passage of the Fair Sentencing Act of violating a statute the statutory penalties for which were modified by Sections 2 or 3 of the Fair Sentencing Act is eligible for a sentence reduction if his sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act." Woodson, 962 F.3d at 814.

In light of Woodson, Young is clearly eligible for a sentence reduction under Section 404 the First Step Act. Prior to the enactment of the Fair Sentencing Act, Young was convicted of distributing cocaine base, or crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). In Woodson, the United States Court of Appeals for the Fourth Circuit held that "when the Fair Sentencing Act changed the quantities of crack cocaine to which Subsection (b)(1)(C) applies, it 'modified' the statutory penalties of that subsection for purposes of crack cocaine offenders within the meaning of the First Step Act." 962 F.3d at 817. Thus, Young's "sentence under Subsection 841(b)(1)(C) . . . was imposed for a 'covered offense,' and he is eligible for a First Step Act sentence reduction." Id.

Upon review of the record, the court concludes that a partial reduction is appropriate in Young's case. See United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020) (explaining that "if a motion is made and the defendant's sentence involves a covered offense, the court may, but is not required to, grant the statutory relief"). Although the government correctly notes that Young's guideline range as a career offender has not changed, this does not restrain the court's discretion to reduce his sentence under Section 404 of the First Step Act. See United States v. Beamus, 943 F.3d 789, 791 (6th Cir. 2019) ("The text of the First Step Act contains no

freestanding exception for career offenders."); see also United States v. Mannie, No. 19-6102, 2020 U.S. App. LEXIS 26192, at *12 n.7 (10th Cir. Aug. 18, 2020) ("Neither an offender's eligibility to move for relief [under the First Step Act] nor the court's discretion to grant it is restrained by the U.S.S.G.'s advisory guideline range."). Instead, the advisory guideline range is one of many considerations that the court takes into account in exercising its discretion to reduce a defendant's sentence. See United States v. Chambers, 956 F.3d 667, 672 (4th Cir. 2020). The court also considers other sentencing factors set forth in 18 U.S.C. § 3553(a),[3] as well as the defendant's post-sentencing conduct. Id. at 674.

After considering the parties' arguments, the defendant's institutional record,[4] and the applicable § 3553(a) factors, the court will vary downward from the career-offender range and impose a reduced term imprisonment of 165 months. As indicated above, Young had at least twice the number of predicate offenses required for career-offender status, and he still qualifies as a career offender today. On the other hand, the offense of conviction did not involve a significant quantity of cocaine base, Young has maintained employment and completed coursework while incarcerated, and he has not committed any violent disciplinary infractions. Given the particular circumstances of this case, the court finds that a 165-month term of imprisonment is sufficient, but not greater than necessary, to achieve the sentencing objectives

---

[3] Section 3553(a) directs the sentencing court to consider: "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely, (a) 'just punishment' (retribution), (b) deterrence, (c) incapacitation, [and] (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution." Rita v. United States, 551 U.S. 338, 347–48 (2007).

[4] Although Young has accumulated seven incident reports during his period of incarceration, he has "maintained clear conduct since May 2019," and most of the reports were for "low severity incidents." Summary Reentry Plan - Progress Report, ECF No. 97-1. The record also reveals that Young has maintained employment and completed a number of educational courses while incarcerated. However, he has declined to participate in the 500-hour residential drug abuse program.

articulated in § 3553(a). To the extent that Young specifically requested a reduction to time served, the court does not believe that such sentence would adequately reflect the seriousness of Young's criminal history, provide just punishment or adequate deterrence under the circumstances, or promote respect for the law.

Accordingly, Young's motion for a sentence reduction under Section 404 of the First Step Act will be granted in part and denied in part. His term of imprisonment will be reduced from 210 months to 165 months. All other terms of the original sentence will remain the same.

## II. Compassionate Release

Young has also filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). This provision, as amended by Section 603(b) of the First Step Act, permits a defendant to request a sentence reduction for "extraordinary and compelling reasons," if the defendant has fully exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). In deciding whether to grant such relief, the court must consider the factors set forth in 18 U.S.C. § 3553(a). Id.; see also United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020) (affirming order denying compassionate release after considering the § 3553(a) factors).

In support of the instant motion, Young contends that his asthma places him at heightened risk of serious complications from the COVID-19 virus, of which over 200 inmates have tested positive at FMC Lexington, and that the § 3553(a) factors support his immediate release. The government has opposed Young's motion, arguing that he has received appropriate medical treatment while incarcerated, that Young's medical records establish that his asthma is under control, and that the § 3553(a) factors weigh in favor of continued incarceration.

After carefully considering the parties' arguments, the court concludes that compassionate release is not warranted in this case. Even assuming that Young's health

concerns qualify as extraordinary and compelling circumstances for purposes of § 3582(c)(1)(A), the § 3553(a) factors weigh against his release for the same reasons discussed above. Specifically, after considering the nature and extent of Young's criminal history, as well as the need to provide just punishment, promote respect for the law, and afford adequate deterrence, the court finds that Young is not an appropriate candidate for compassionate release at this time.[5]

## Conclusion

For the reasons stated, Young's motion for a sentence reduction under Section 404 of the First Step Act will be granted in part and denied in part, and his motion for compassionate release will be denied without prejudice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This __2nd__ day of September, 2020.

_____
Senior United States District Judge

---

[5] The court notes that defense counsel recently directed the court's attention to two cases from the Western District of Virginia in which defendants were granted compassionate release: United States v. Bowling, No. 1:16-cr-00028 (W.D. Va. Aug. 7, 2020) (Jones, J.) and United States v. Quinones Rodriquez, 5:13-cr-00030 (W.D. Va. Aug. 26, 2020) (Urbanski, J.). Although defense counsel describes Bowling and Quinones Rodriguez as "similarly situated offenders," the court is unable to agree with that characterization. Neither Bowling nor Quinones Rodriguez was sentenced as a career offender, and Judge Urbanski expressly noted that Quinones Rodriguez had only three criminal history points and no violent criminal convictions. In contrast, Young had seventeen criminal history points, which yielded a criminal history category of VI even without the career-offender designation, and three of the points were based on convictions for attempted murder.